**In re the Marriage of Stuart Lee STORLIEN, Petitioner, Appellant,**

v.

**LaVonne Marie STORLIEN, Respondent.**

**No. C7–85–1780.**

Court of Appeals of Minnesota.

May 13, 1986.

Eric A. Derycke, Lake Benton, Allan Swen Anderson, Granite Falls, for appellant.

Bruce W. Christopherson, Nelson, Oyen, Torvik, Minge, Christopherson & Gilbertson, Clarkfield, for respondent.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal from a judgment granting custody of the parties' minor children to respondent, wife. We affirm.

## FACTS

Stuart Storlien and LaVonne Storlien were married for 13 years. There are two minor children of the marriage. On August 12, 1985, their marriage was dissolved. The trial court granted custody of the two minor children to LaVonne Storlien. Stuart Storlien appeals.

The trial court concluded that LaVonne Storlien should be granted custody of both children. Although the court stated that "both parents are capable of giving proper guidance and care to their children," LaVonne has been the primary custodian of the children. The trial court found that "LaVonne Storlien provides well for her children as to discipline, regular and healthful meals and education of the children and that she keeps a good and proper home for herself and the children."

In a written decision, the trial court placed considerable emphasis on the fact that Stuart Storlien was a Viet Nam combat veteran and had experienced killing people. The trial court expressed its opinion that this combat experience affected appellant's abilities to communicate his feelings and to deal with others. The court also believed that appellant's combat experience was the cause of his prior alcoholism.

In addition, the trial court emphasized that LaVonne Storlien is a religious person who attends church on a regular basis. One of the court's reasons for awarding custody to respondent was that respondent would probably provide more constant attention to the children's religious education and training than would appellant. There was evidence in the record that appellant was not a member of any organized religion and did not attend church services.

## ISSUE

Did the trial court clearly abuse its discretion by considering appellant's prior combat experience and the religious practices of the parties when determining child custody?

## ANALYSIS

Appellant argues that the trial court's consideration of his prior Viet Nam combat experience was contrary to Minn.Stat. § 518.17 (1984). He also argues that it violated his rights to due process and equal protection. Appellant further argues that the trial court's consideration of the religious practices of the parties was a violation of his first amendment right to freedom of religion.

Respondent does not contest the inappropriateness of the trial court's consideration of the appellant's combat experience or the religious practices of the parties. However, respondent contends that the trial court's decision is supported by the evidence and the law. Respondent claims it should not be overturned since there was not a clear abuse of discretion. We agree with respondent.

The trial court's judgment in a child custody proceeding will not be reversed absent a clear abuse of discretion. *Chambard v. Chambard,* 348 N.W.2d 821, 823 (Minn.Ct. App.1984). Appellate review of a custody determination is limited to whether the trial court abused its discretion by making findings unsupported by the evidence or by improperly applying the law. *Pikula v. Pikula,* 374 N.W.2d 705, 710 (Minn.1985).

The trial court did not abuse its discretion. The evidence supports the trial court's decision. The parties have been separated since the fall of 1983 and during this time period, respondent has been the primary custodian of the children. The trial court found that respondent has provided well for her children in terms of discipline, health, education, and religious training. The record supports the trial court's finding that the respondent keeps a good home for herself and her children.

Appellant, although considered to be a "suitable parent," was found by the trial court to be a shy person who has difficulty relating to other people effectively. Also, appellant has an alcohol dependency problem for which he has not successfully completed treatment.

The trial court also applied the law properly. Under Minn.Stat. § 518.17, subd. 1 (1984), the test for determining who should receive custody of a minor child is the "best interests of the child" test. That subdivision contains nine criteria which should be considered by the court when determining the best interests of the child. In explaining its decision to award custody of the minor children to respondent, the trial court fully discussed those criteria.

We note, however, that the trial court's consideration of appellant's prior combat experience was unnecessary and inappropriate. In a child custody case the goal is to determine custody based on the best interests of the child. The statute provides that, when determining the best interests of the child, the court shall *not* consider "conduct of a proposed custodian that does not affect his relationship to the child." Minn.Stat. § 518.17, subd. 1 (1984). There is no basis for believing that combat veterans make worse parents than those who have no prior combat experience. Thus, appellant's prior combat experience has no bearing on the best interests of his two children.

In this case, though, the trial judge did not actually consider the appellant's combat experience as a factor bearing on his "best interests of the child" determination. The judge merely considered the appellant's Viet Nam combat experience as a cause of appellant's shyness, his inability to relate to other people, and his alcoholism.

## DECISION

The trial court's granting of custody of the parties' minor children to respondent was not a clear abuse of its discretion.

Affirmed.